Dear Representatives Cozort
¶ 0 This office has received your request for an Opinion addressing the following question:
 Are the ad valorem valuation provisions of 68 O.S. 1991, § 2817(H) which provide procedures for assessment of improvements and buildings applicable to the land upon which the building or improvements is located?
¶ 1 In essence, you have asked this office to determine whether the special valuation procedures found at 68 O.S. 1991, § 2817[68-2817](H) are applicable to lots. Subsection (H) of Section 2817 of Title 68 provides:
 If any real property shall become taxable after January 1 of any year, the county assessor shall assess the same and place it upon the tax rolls for the next ensuing year; or when any improvements or buildings having value are placed upon real estate after January 1 of any year, the value of such improvements shall be added by the county assessor to the assessed valuation for the next ensuing year; however, in case such improvements or buildings are new construction for single family residential purposes only, such improvements or buildings shall be deemed completed and to have a value for assessment purposes when such improvements or buildings shall have been conveyed to a bona fide purchaser or when they have been occupied, whichever shall first occur before January 1 of the initial assessment year; in the event that such single family residential improvements were not conveyed to a bona fide purchaser, occupied or completed within the year prior to January 1 of the initial assessment year, the county assessor shall assess such improvements based on the fair market value of the materials used therein. The county assessor shall continue to assess such improvements or buildings based upon the fair market value of the materials used therein until such single family residential improvements are conveyed to a bona fide purchaser or occupied.
68 O.S. 1991, § 2817[68-2817](H).
¶ 2 The basic rule of ad valorem taxation is found in ArticleX, § 8 of the Oklahoma Constitution wherein it is provided that "[a]ll property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale. . . ." This basic rule is also codified at 68 O.S. 1991, § 2817[68-2817](B).
¶ 3 It is well-established law in Oklahoma where "the language of the statute is plain and unambiguous and its meaning clear, no . . . rules of construction [are used] and its evident meaning must be accepted." Jackson v. Independent School District No.16, 648 P.2d at 26, 29 (Okla. 1982). Oklahoma law clearly provides for separate valuation of land and improvements, specifically:
 The county assessor shall assess and value all property, both real and personal, which is subject to assessment by him, and shall place a separate value on the land and improvements in assessing real estate; and he shall do all things necessary, including the viewing and inspecting of property, to enable him to assess and value all taxable property, determine the accuracy of assessment lists filed with him, discover and assess omitted property, and determine the taxable status of any property which is claimed to be exempt from ad valorem taxation for any reason.
68 O.S. 1991, § 2818[68-2818](B) (emphasis added).
¶ 4 Your question specifically refers to subsection H of 68O.S. 1991, § 2817[68-2817]. Applicability of this provision is, however, limited to improvements and buildings placed upon real property and the valuation thereof. The intent of Subsection H appears to be to limit the valuation of buildings or improvements to single family residences to the market value of materials used until the building or improvement is conveyed or occupied. Subsection H makes, however, no reference to land or lots where it provides special valuation rules.
¶ 5 The Legislature has placed a mandatory duty on the county assessor to determine the value of land for purposes of ad valorem taxation. The Oklahoma Constitution and statutes both require that, for purposes of ad valorem taxation, the value of property shall be fair cash value estimated at the price the property would bring at a fair voluntary sale. A review of the provisions of the Ad Valorem Tax Code, 68 O.S. 1991 and Supp.1995, §§ 2801-3152, reveals no statute providing for valuation of land at any value other than fair cash value.
¶ 6 Therefore, it is the official Opinion of the AttorneyGeneral that:
 Pursuant to Article X, § 8 of the Oklahoma Constitution and 68 O.S. 1991, § 2817(B) the value of land, for purposes of ad valorem taxation, is the land's fair cash value, estimated at the price it would bring at a fair voluntary sale. The provisions of 68 O.S. 1991, § 2817(H) are applicable only to improvements or buildings.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL